**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| TASHA GRIFFIN,<br>    Individually, and on behalf of all others<br>    similarly situated,<br>        PLAINTIFFS, | |
| v. | Case No.: 4:22-cv-176 |
| DIVERSIFIED RECOVERY BUREAU, LLC, and<br>HARTFORD CASUALTY INSURANCE COMPANY,<br>    Defendants. | |

**COMPLAINT**

Plaintiff Tasha Griffin ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Diversified Recovery Bureau, LLC ("Diversified") and Hartford Casualty Insurance Company ("Hartford") and alleges as follows:

**NATURE OF ACTION**

1.  This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Texas Finance Code ("TFC") § 392.001, *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  This Court has jurisdiction over defendants because these companies regularly conducted business activities in the State of Texas or directed business activities toward Texas residents in order to profit from their endeavors in this state or from residents of this State, thus purposefully availing themselves of the benefits of doing business here.

4.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## **PARTIES**

6.  The Plaintiff, Tasha Griffin ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7.  Diversified is a company operating from West Seneca, New York.

8.  Diversified can be served in Texas via its registered agent, Registered Agents, Inc. at 5900 Balcones Drive, Suite 100, Austin, Texas, 78731.

9.  Diversified advertises on its website ([www.diversifiedrecoverybureaullc.com](www.diversifiedrecoverybureaullc.com)) (last visited March 3, 2022) the following:

> Diversified Recovery Bureau, LLC is a New York based third party collection agency committed to working diligently to increase the rate of recovery of distressed assets for our clients. Here at Diversified Recovery Bureau we work to effectively stress the urgency of outlining a plan for asset recovery, as well as negotiate on behalf of the client for payments in full, settlements or timely payment plans for the consumers.

10. Diversified is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

11. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

12. Travelers is liable for the acts committed by Diversified complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 14BSBHH5751, as well as any other applicable law.

## **FACTUAL ALLEGATIONS**

13. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial
    obligation that was used primarily for personal, family or household purposes (hereinafter the
    "Account").  Specifically, Plaintiff believes the account was an old personal loan used to
    purchase various personal effects and not for any business purposes.

14. The Account allegedly went into default with the original creditor prior to the filing of this
    Complaint.

15. After the Account allegedly went into default, the Account was sold to or otherwise
    transferred to Diversified for collection.

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a
    "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

17. Plaintiff disputes the amount Diversified was attempting to collect on the Account.

18. Plaintiff requests that Diversified cease all further communication on the Account.

19. Diversified's collector(s) were employee(s) of Diversified at all times mentioned herein.

20. Diversified acted at all times mentioned herein through its employee(s).

21. During the one year prior to the date of the filing of this Complaint, Diversified and/or
    representative(s), employee(s) and/or agent(s) of Diversified made telephone calls to Plaintiff
    to collect the Account.

22. In a phone call that occurred within the one year prior to the filing of this Complaint,
    Diversified left the following voicemail for Plaintiff:

> matter. Please press zero now to be connected with a live representative. A very
> urgent matter regarding your account is within our office. Please press zero now to be
> connected with a live representative to further assist you. Again, this is a very urgent
> matter. Please press zero now to be connected with a live representative.

23. In three additional phone calls that occurred within the one year prior to the filing of this

   Complaint, Diversified left the following voicemail for Plaintiff:

> Requirement. Press zero now for further assistance. Again, press zero now to be
> connected. Due to the lack of response from the assigned party, our client is
> requesting an escalation. By answering this call, you have satisfied notification
> requirement. Press zero now for further assistance. Again, press zero now to be
> connected.

24. In another two phone calls that occurred within the one year prior to the filing of this

   Complaint, Diversified left the following voicemail for Plaintiff:

> And are required to issue a recommendation to our client. To speak with your
> assigned representative, press zero now. Again, to speak with your assigned
> representative, press zero now. Please be advised that due to a lack of response
> regarding a personal business matter within our office, we have been requested to
> address a possible enforcement and are required to issue a recommendation to our
> client. To speak with your assigned representative, press zero now. Again, to speak
> with your assigned representative, press zero now.

25. In another phone call that occurred within the one year prior to the filing of this Complaint,

   Diversified left the following voicemail for Plaintiff:

> Press zero now for further assistance. Again, press zero now to be connected. Due to the
> lack of response from the assigned party, our client is requesting an escalation. By
> answering this call, you have satisfied notification requirement. Press zero now for
> further assistance. Again, press zero now to be connected.

26. The language Diversified used in the seven phone calls described above failed to inform

   Plaintiff that Diversified was a debt collector, or that Diversified was attempting to collect a

   debt or that any of the information obtained would be used for the purpose of debt collection.

   The language further failed to provide Plaintiff with meaningful disclosure of Diversified's

   identity.

27. The language Diversified used in the seven phone calls described above was also false and

   deceptive.  Specifically the language "very urgent matter" overshadowed Plaintiff's right to

dispute the debt and misrepresented the nature of the debt Diversified was attempting to collect.

28. Additionally, the language "[d]ue to the lack of response from the assigned party, our client is requesting an escalation" was false and misleading in that by using this phrase Diversified implied and intended Plaintiff to believe that Plaintiff would imminently be sued if she did not repay the Account immediately. The least sophisticated consumer would believe that she would be sued if she did not repay the Account immediately. And neither Diversified, nor any creditor that it may have been representing, had the present intention of suing Plaintiff at the time this threat was made.

29. Also, the phrase "By answering this call, you have satisfied notification requirement" falsely implied that the "notification" was related to a legal procedure to enforce the debt. This contributed to the threat to sue Plaintiff. This phrase would cause the least sophisticated consumer to believe that she was going to be sued on the Account if she did not immediately repay the account. However, there was no "notification requirement" and merely receiving a voicemail would never satisfy any requirement to notify a litigant.

30. In a live call with Diversified on or about November 11, 2021, the first time they spoke on the phone, Diversified was rude and harassing to Plaintiff and told Plaintiff that payment must be made that day or additional perils would be suffered by Plaintiff. This implied threat was false in that no additional perils would be suffered if Plaintiff did not repay the Account. Additionally, this overshadowed Plaintiff's right to dispute the debt in question and/or request validation of the debt.

31. Despite the false implied threats referenced above, as of the filing of this complaint, neither Diversified nor its client have sued Plaintiff on the Account.

32. Diversified did not have the present intention of suing Plaintiff on the Account at the time the threats were made.

33. The information communicated to Plaintiff by Diversified was false, deceptive and misleading.

34. Diversified knew that the information provided to Plaintiff was false, deceptive and misleading.

35. Diversified told Plaintiff the above-described false information in order to trick, deceive and manipulate Plaintiff into transmitting money to Diversified.

36. Diversified did not inform Plaintiff in any of the voicemail messages described above that Diversified was a debt collector or that Diversified was attempting to collect a debt or that any information obtained by Diversified would be used for the purpose of debt collection.

37. Diversified did not, within five days after its initial communication with Plaintiff, send Plaintiff a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. In all of the voicemails described above, Diversified failed to provide Plaintiff with meaningful disclosures of its identity.

39. Diversified's purpose for the voicemails transcribed above was to attempt to collect the Account.

40. The voicemails each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

41. The voicemails each individually constituted a "communication" as defined by 15 U.S.C § 1692a(2).

42. All of the act(s) and omission(s) by Diversified and/or its employees and/or agents alleged in the preceding paragraphs were done knowingly and willfully by Diversified.

43. As a consequence of Diversified's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

<u>**CLASS ACTION ALLEGATIONS**</u>

<u>**CLASS ONE – FDCPA CLASS**</u>

44. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Diversified in an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer received one or more audio or written messages from Diversified that was the same as, or substantially the same as, one of the voicemail messages described above, and/or where Diversified failed to provide disclosure to any consumer within five days of the first

7

communication with the consumer of the consumer's right to dispute or request validation of the debt in question and/or where Diversified failed to provide meaningful disclosure of its identity in any communication with the consumer and/or where Diversified failed to identify itself as a debt collector in any communication with the consumer.

45. Excluded from the Class are Diversified, all other defendants named herein, the officers and directors of Diversified, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Diversified has or had a controlling interest.

46. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Diversified.

47. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Diversified and Plaintiff has suffered substantially similar injuries as each member of the Class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

50. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Diversified has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

   a.  Diversified's violations of 15 U.S.C. § 1692 *et seq*. as alleged herein;

   b.  Diversified's conduct particular to the matters at issue was identical or substantially similar; and

   c.  The availability of statutory penalties.

### CLASS TWO—TEXAS FINANCE CODE CLASS

51. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Diversified in connection with an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer received a voicemail from Diversified that was the same as, or substantially the same as, one of the messages described above, and/or where Diversified failed to identify itself as a debt collector in any communication with the consumer.

52. Excluded from the Class are Diversified, all other defendants named herein, the officers and directors of Diversified, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Diversified has or had a controlling interest.

53. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained

through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Diversified.

54. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Diversified and Plaintiff has suffered substantially similar injuries as each member of the Class.

55. Plaintiff has retained counsel experienced and competent in class action litigation.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

57. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Diversified has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.  Diversified's violations of Tex. Fin. Code § 392.101 as alleged herein;

    b.  Diversified's conduct particular to the matters at issue was identical or substantially similar; and

    c.  The availability of statutory penalties.

## RESPONDEAT SUPERIOR

58. The representative(s) and/or collector(s) at Diversified were employee(s) and/or agents of Diversified at all times mentioned herein.

59. The representative(s) and/or collector(s) at Diversified were acting within the course and/or scope of their employment at all times mentioned herein.

60. The representative(s) and/or collector(s) at Diversified were under the direct supervision and/or control of Diversified at all times mentioned herein.

61. The actions of the representative(s) and/or collector(s) at Diversified are imputed to their employer, Diversified.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.<br>BY DIVERSIFIED RECOVERY SOLUTIONS, LLC

62. The previous paragraphs are incorporated into this Count as if set forth in full.

63. The act(s) and omission(s) of Diversified and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(6) and §1692e(2)&(3)&(5)&(8)&(10)&(11)&(14) and § 1692g(a).

64. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Diversified.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE<br>BY DIVERSIFIED RECOVERY SOLUTIONS, LLC

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. The act(s) and omission(s) of Diversified and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

67. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Diversified.

68. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Diversified enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY DIVERSIFIED RECOVERY SOLUTIONS, LLC

69. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Diversified is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Diversified intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

70. Plaintiff suffered actual damages from Diversified as a result of Diversified's intrusion.

## COUNT IV:  IMPUTED LIABILITY OF
## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
## FOR LIABILITY OF DIVERSIFIED RECOVERY SOLUTIONS, LLC

71. The previous paragraphs are incorporated into this Count as if set forth in full.

72. The act(s) and omission(s) of Diversified and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)& (19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

73. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## JURY TRIAL DEMAND

74. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

75. Judgment in favor of Plaintiff and against Diversified Recovery Solutions, LLC, Inc. as follows:

   a.    Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b.    Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d.    Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code §
      392.403;

e.    An injunction permanently enjoining it from future violations of the Texas Finance
      Code as described above, pursuant to Tex. Fin. Code §392.403(1);

f.    Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield*
      *Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

g.    Such other and further relief as the Court deems just and proper.

76. Judgment in favor of Plaintiff and against Travelers Casualty and Surety Company of
    America for its liability for the acts of Diversified Recovery Solutions, LLC as follows:

a.    Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

b.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
THE WOOD FIRM, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff